*Proposed and Submitted by*:
Andres Diaz (A4309)
Timothy J. Larsen (A10263)
**DIAZ & LARSEN**
757 East South Temple, Suite 201
Salt Lake City, UT  84102
Telephone: (801) 596-1661
Fax: (801) 359-6803
Email:  courtmail@adexpresslaw.com
  *Attorneys for the Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In Re: PLAZA 106, LLC, | Bankruptcy No.  25-25459<br>Chapter 11 |
|---|---|
| Debtor in Possession. | Hon. Peggy Hunt |

**ORDER REGARDING THE FIRST INTERIM FEE APPLICATION FOR
ALLOWANCE AS ADMINISTRATIVE EXPENSES AND PAYMENT OF
ATTORNEY FEES AND COSTS OF DIAZ & LARSEN, COUNSEL FOR THE
DEBTOR IN POSSESSION
(SEPTEMBER 15, 2025, TO MARCH 6, 2026)**

Pursuant to 11 U.S.C. §§330 and 331 and Bankruptcy Rule 2016, Andres Diaz of the law

firm of Diaz & Larsen ("Applicant"), general counsel in the above case for the debtor and debtor

in possession, Plaza 106, LLC ("Plaza"), submitted their First Interim Fee Application For

Allowance As Administrative Expense and Payment of Attorney Fees and Costs of Diaz &

Larsen, Counsel for the Debtor in Possession (the "Application"). Parties in interest were given

until March 30, 2026, to file objections, if any, to the Application.  Two objections were timely

filed, a "Partial Objection" by First Utah Bank (**Dkt. No. 78**) and a "Limited Objection" by the Acting United States Trustee (**Dkt. No. 82**).

In its Partial Objection, First Utah Bank indicated that it did not have an objection to allowance on an interim basis of any of the requested fees in the Application. *See*, Partial Objection at 1.  Rather, Fist Utah Bank requested that the Court "specifically prohibit any payment from the Bank's cash collateral absent the Bank's consent or prior authorization of this Court. *See*, Partial Objection at 2. The Debtor has agreed to resolve the Partial Objection by including a provision in this Order that prohibits the Debtor from paying for any allowed fees and costs from cash collateral absent the creditor's written consent or prior authorization of this Court (*See* paragraph 6 below).

In its Limited Objection, the UST had no objection to the requested award of $59,080.00 in attorneys fees or an award of $743.23 in costs. *See*, Limited Objection at 2, paragraphs 4 and 5.  The UST's Limited Objection centers around Applicant's request for reimbursement of $4,000.00 for costs that were paid to its expert appraiser that was hired by counsel for Plaza rather than Plaza itself.  The Debtor has agreed to resolve the Limited Objection by including a provision in this Order that allows the Applicant to withdraw its request for the $4,000.00 for costs incurred in hiring its expert appraiser as part of this Application.  Applicant reserves the right, however, to renew its request for such costs in future interim or final applications to the Court. (*See* paragraphs 3 and 4  below).

With those proposed resolutions, IT IS HEREBY ORDERED THAT:

1.      The Application is **APPROVED** in part and **DENIED** in part.

2.      Applicant is allowed, as an administrative expense, **$59,080.00** as compensation

for professional services rendered and **$743.23** for reimbursement of costs and expenses for a total of **$59,823.23** for the period from September 15, 2025, to March 6, 2026, as its first interim fee application.

3.      The portion of the Application seeking approval of $4,000.00 of expenses in connection with counsel's retention of the expert appraiser is DENIED without prejudice.

4.      Applicant's right to renew its request for such costs in future interim or final applications to the Court is hereby reserved.

5.      Applicant is authorized to offset the balance of its prepetition retainer in the amount of **$30,847.50** against such allowed compensation and the balance of such allowance in the amount of **$28,975.73** be paid by the estate as funds become available for such payments.

6.      Notwithstanding the foregoing, Debtor is prohibited from paying for any allowed fees and costs from cash collateral absent the creditor's written consent or prior authorization of this Court.

**<u>DESIGNATION OF PARTIES TO BE SERVED</u>**

Service of the foregoing ORDER REGARDING THE FIRST INTERIM FEE

APPLICATION FOR ALLOWANCE AS ADMINISTRATIVE EXPENSES AND PAYMENT

OF ATTORNEY FEES AND COSTS OF DIAZ & LARSEN, COUNSEL FOR THE DEBTOR

IN POSSESSION (SEPTEMBER 15, 2025, TO MARCH 6, 2026) shall be served on the parties

in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below as registered CM/ECF users.

- **Michael Ronald Brown     mbrown@parsonsbehle.com**
- **Andres' Diaz     courtmail@adexpresslaw.com**
- **John S. Gygi     john.gygi@sba.gov**
- **Timothy J. Larsen     tlarsen@adexpresslaw.com**
- **James C. Lewis     jlewis@lewishansen.com, wendy@lewishansen.com**
- **Mark C. Rose     mrose@rqn.com, docket@rqn.com;asanchez@rqn.com**
- **Brian M. Rothschild     brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com**
- **United States Trustee     USTPRegion19.SK.ECF@usdoj.gov**
- **Melinda Willden tr     melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov**

**By U.S. Mail:** In addition to the parties receiving this ORDER through the CM/ECF system, the following party should be served this ORDER by first class mail pursuant to Fed.R.Civ.P.5(b).

Plaza 106, LLC
1800 Airport Road
Price, UT 84501